COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Benton and Bray
Argued at Richmond, Virginia


JASPER PLOWDEN
                                    MEMORANDUM OPINION[*]
v.        Record No. 1620-96-2    BY JUDGE JOSEPH E. BAKER
                                       JUNE 10, 1997
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                       Thomas N. Nance, Judge

            Melissa A. Hobbie (Phillips, Webb &
            Wallerstein, P.C., on brief), for appellant.

            Daniel J. Munroe, Assistant Attorney General
            (James S. Gilmore, III, Attorney General, on
            brief), for appellee.


     Jasper Plowden (appellant) appeals from his bench trial

conviction for arson of a dwelling house in violation of Code

§ 18.2-77.  The sole issue presented by this appeal is whether

the evidence was sufficient to prove beyond a reasonable doubt

that appellant was the criminal agent who caused the dwelling

house to burn.

     Viewing the evidence in the light most favorable to the

Commonwealth, granting to it all reasonable inferences fairly

deducible therefrom, Martin v. Commonwealth, 4 Va. App. 438, 443,

358 S.E.2d 415, 418 (1987), we find that prior to March 11, 1996,

the date of the fire from which this case arises, appellant and

his friend Martha Allen had been lovers for approximately nine

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

years.  Appellant and Martha resided together "off and on."  In February 1995, appellant learned that Martha was possibly enjoying a relationship with another man.  Appellant threatened to harm Martha if he caught her with another man.  In June or July 1995, appellant and Martha "broke up."

By March 1996, appellant and Martha had revived their relationship on a periodic basis, and appellant again was living with her at her apartment "off and on."  At the time of the fire, appellant kept clothes, furniture, a musical instrument, and other personal objects at Martha's house.  In the afternoon of March 11, 1996, Martha observed appellant enter her house.  After a brief conversation with her, appellant walked upstairs to use the bathroom.  Appellant had nothing in his hands as he climbed the stairs.  After about four to five minutes, while appellant alone remained upstairs and in the bathroom, Martha heard a loud noise emanate from the second floor.  A window air conditioner had blown out from an upstairs window and onto the ground. Neither Martha nor her daughter who were inside the house saw, heard, or smelled anything unusual in the house prior to the loud noise.

Two or three minutes after the loud noise occurred, appellant walked down the stairs and, speaking slowly, informed Martha that there was a fire upstairs.  Investigation by Fire Investigator Allen Collins revealed that two fires had started: one in the main bedroom where the air conditioner was located,

and one in another bedroom. There was no fire trail from one room to the other. Collins ruled out electrical receptacles and sockets as a cause of the fire. He opined that the two separate fires, the exploded air conditioner unit, and the heat of the fires were consistent with the use of an accelerant and inconsistent with an accidental slow burning fire.[1] He further testified that if an accelerant was used it would have taken "a pint or more" to create the type of fire in the apartment. Floor samples were taken to test for accelerants, and no paint, propane, gasoline, or other combustible material was found inside or outside the house. Collins observed appellant and did not smell any burn or accelerant odor about him. Moreover, a television in one of the upstairs bedrooms away from the air conditioner also burned. Collins admitted that he could not tell whether the fire originated from the television set. Collins could not state the point of origin for either of the two fires.

In order to support a conviction for arson, it is essential that the evidence reveal that the fire was of incendiary origin and that it point unerringly to the guilty party. Poulos v. Commonwealth, 174 Va. 495, 499, 6 S.E.2d 666, 667 (1940). Even assuming that the fires here were of an incendiary origin, the evidence does not show beyond a reasonable doubt that appellant started them. "'Evidence only that a fire was incendiary, that

_____

[1]Collins did not state as a definite opinion that the damage resulted from use of accelerants and was unable to give a positive statement as to the actual cause of the fire.

the defendant had an opportunity to commit the crime, and that he cherished ill feelings towards the owner of the property destroyed, does not warrant a conviction.'"  Id. at 500, 6 S.E.2d at 667–68 (citation omitted).  In reversing Poulos' arson conviction, the Virginia Supreme Court quoted the following language from Jones v. Commonwealth, 103 Va. 1012, 1013, 49 S.E. 663, 665 (1905):

> "The prisoner is presumed to be innocent until his guilt is established, and he is not to be prejudiced by the inability of the Commonwealth to point out any other criminal agent, nor is he called upon to vindicate his own innocence by naming the guilty man.  He rests secure in that presumption of innocence until proof is adduced which establishes his guilt beyond a reasonable doubt, and whether the proof be direct or circumstantial, it must be such as excludes any rational hypothesis of the innocence of the prisoner."

Poulos, 174 Va. at 500, 6 S.E.2d at 667.

While there may be some suspicion that the fires here were of an incendiary origin, on the facts contained in this record, we hold that the evidence does not support the judgment of the trial court.  The Commonwealth did not present sufficient evidence to prove beyond a reasonable doubt that appellant was the criminal agent who started the fires.

Accordingly, the judgment of the trial court is reversed, and appellant is dismissed from further prosecution pursuant to the indictment.

Reversed and dismissed.